PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

**E-filing**

FILED

DOCKET NUMBER (Tran. Court)

7:02-244-08

DOCKET NUMBER (Rec. Court)

CR 08-0096

CW

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Robin McClenton<br>Oakland, California | South Carolina | Spartanburg |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Henry M. Herlong, Jr. |

| DATES OF SUPERVISED RELEASE: | FROM<br>May 8, 2007 | TO<br>May 7, 2012 |
|---|---|---|

OFFENSE

21 U.S.C. § 841(b)(1)(A) and 846; Conspiracy to Possess with Intent to Distribute Cocaine and Crack Cocaine

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

2/5/08
_____
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

2/14/08
_____
Effective Date

_____
United States District Judge

(Form Revised in WP80 by D/SC - 9/97)

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

**FILED**

MAY 2 8 2002

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: <u>7:02-244</u> |
| | ) | 21 U.S.C. § 846 |
| | ) | 21 U.S.C. § 841(a)(1) |
| v. | ) | |
| | ) | |
| **DANIEL FOSTER,** | ) | |
| a/k/a "Pops" | ) | <u>**SUPERSEDING INDICTMENT**</u> |
| **MARVIN JAMES MEANS** | ) | |
| **BRENT D. STYLES,** | ) | |
| a/k/a "Dale Styles" | ) | |
| **DEWAYNE E. BREWTON,** | ) | |
| a/k/a "Wayne Brewton" | ) | |
| **MICHAEL L. ANDERSON,** | ) | |
| a/k/a "Pacman", a/k/a "Pac" | ) | |
| **TRINA DANTZLER** | ) | |
| **JAMES A. SUBER,** | ) | |
| a/k/a "Amp" | ) | |
| **ROBIN MCCLENTON,** | ) | |
| a/k/a "Auntee" | ) | |
| **MYRA L. POTTER** | ) | |
| **TONYA N. RICE** | ) | |
| **YEKEWSHIA STYLES,** | ) | |
| a/k/a "Mimi" | ) | |
| **JIMMY R. HENDERSON** | ) | |
| **WILLSHAWN JONES** | ) | |

24

<u>COUNT 1</u>

THE GRAND JURY CHARGES:

That from a date unknown but from at least July, 1999, and continuing thereafter up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the defendants, **DANIEL FOSTER, a/k/a "Pops"; MARVIN JAMES MEANS, BRENT D. STYLES, a/k/a "Dale Styles"; DEWAYNE E. BREWTON, a/k/a "Wayne Brewton"; MICHAEL L. ANDERSON, a/k/a "Pacman", a/k/a "Pac"; TRINA DANTZLER, JAMES A. SUBER, a/k/a "Amp"; ROBIN MCCLENTON, a/k/a "Auntee"; MYRA L. POTTER, TONYA N. RICE, YEKEWSHIA STYLES, a/k/a "Mimi"; JIMMY R. HENDERSON and WILLSHAWN JONES**, did knowingly and intentionally conspire, confederate, agree together and have tacit understanding with each other and various other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 5 kilograms or more of cocaine, and 50 grams or more of cocaine base, commonly known as "crack" cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1);

In violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATIONS

1.    <u>DRUG-TRAFFICKING OFFENSE</u>

A.    As a result of their violations of Title 21, United States Code, Sections 846, as charged in Count 1 of this Indictment, offenses punishable by imprisonment for more than one year, upon conviction, the Defendants, **DANIEL FOSTER, a/k/a "Pops"; MARVIN JAMES MEANS, BRENT D. STYLES, a/k/a "Dale Styles"; DEWAYNE E. BREWTON, a/k/a "Wayne Brewton"; MICHAEL L. ANDERSON, a/k/a "Pacman", a/k/a "Pac"; TRINA DANTZLER, JAMES A. SUBER, a/k/a "Amp"; ROBIN MCCLENTON, a/k/a "Auntee"; MYRA L. POTTER, TONYA N. RICE, YEKEWSHIA STYLES, a/k/a "Mimi"; JIMMY R. HENDERSON and WILLSHAWN JONES**, shall each forfeit to the United States all of the Defendant's right, title and interest in and to any property, real and personal,

(1)    constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(2)    used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code.

2.    Pursuant to Title 21, United States Code, Sections 853(a)(1) and 853 (a)(2), the property which is subject to forfeiture upon conviction of the Defendants for offenses charged in this Indictment includes, but is not limited to, the following property or proceeds thereof, as to which the Defendants are jointly and severally liable:

A.    <u>Cash:</u>

(1)    All proceeds of the illegal offenses set forth in Count 1, but not less than approximately $740,000 in United States currency and all interest and proceeds traceable thereto, in that such sums were received in exchange for controlled substances in violation of Title 21, United States Code, Section 846, as charged in Count 1;

3.    <u>SUBSTITUTION OF ASSETS:</u>

A.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant(s) --

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b)(1)A), to seek forfeiture of any other property of the said Defendant(s) up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

A  True  Bill

/s/ James Hippler
Foreperson

/s/ J. Strom Thurmond, Jr.
J. STROM THURMOND, JR.         (ejh/twd)
United States Attorney

AO 245B (Rev. 9/00) Sheet 1 - Judgment in a Criminal Case

ENTERED    **FILED**

JUN - 0 2003

JUN   5 2003

# United States District Court
## District of South Carolina

LARRY. W. PROPES, CLERK
U. S. DISTRICT COURT

UNITED STATES OF AMERICA

vs.

ROBIN McCLENTON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: <u>7:02cr244-8</u>

<u>Steve W. Sumner</u>
Defendant's Attorney

**THE DEFENDANT:**

■ pleaded guilty to count <u>1</u> on <u>December 30, 2002</u>

☐ pleaded nolo contendere to count(s) on which was accepted by the court.

☐ was found guilty on count(s) on
after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number** |
|---|---|---|---|
| 21:846 | Please see indictment | 5/28/2002 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐are  dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

Defendant's USM No.:      97097-011

Defendant's Residence Address:
9221 Sunnyside Street
Oakland, CA 94603

Defendant's Mailing Address:
9221 Sunnyside Street
Oakland, CA 94603

<u>June 2, 2003</u>
Date of Imposition of Judgment

Signature of Judicial Officer

<u>Henry M. Herlong, Jr., United States District Judge</u>
Name and Title of Judicial Officer

June   4  , 2003
Date



AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: ROBIN McCLENTON
CASE NUMBER: 7:02cr244-8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eighty-four (84) months.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐ at a.m./p.m. on.

    ☐ as notified by the United States Marshal.

■  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on

    ■ as notified by the United States Marshal or

    ■ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy United States Marshal

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: <u>ROBIN McCLENTON</u>
CASE NUMBER: <u>7:02cr244-8</u>

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years</u>.
1.  The defendant shall participate in a program of testing and treatment for substance abuse as directed by the United States Probation Officer until released from the program by the officer.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: <u>ROBIN McCLENTON</u>
CASE NUMBER: <u>7:02cr244-8</u>

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the **"Clerk, U.S. District Court"** unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$  100.00** | **$** | **$** |

☐    The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐    The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total<br>Amount of Loss | Amount of<br>Restitution Ordered | Priority Order or<br>Percentage<br>of Payment |
|---|---|---|---|

**SEE *VICTIMS LIST* OF VICTIMS.**  <u>$</u>

☐    If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . **<u>$</u>**

☐    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
        The interest requirement is waived for the ☐ fine and/or ☐ restitution.
        The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    SCD (Rev. 2/01) Judgment in a Criminal Case
Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: <u>ROBIN McCLENTON</u>
CASE NUMBER: <u>7:02cr244-8</u>

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ■   Lump sum payment of <u>$ 100.00</u> due immediately

☐ not later than , or

☐ in accordance with   ☐ C,   ☐ D, or   ☐ E below; or

B   ☐   Payments to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ E below); or

C   ☐   Payments in (e.g., equal, weekly, monthly, quarterly) installments of <u>$</u> over a period of (e.g., months or years), to commence  after the date of this judgment; or

D   ☐   Payments in (e.g., equal, weekly, monthly, quarterly) installments of <u>$</u> over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:




☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C (Rev. 9/00) Sheet 1 - Amended Judgment in a Criminal Case

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA

vs.

<u>ROBIN McCLENTON</u>

**AMENDED JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: <u>7:02cr244-8</u>
US Marshal's Number: <u>97097-011</u>

**Date of Original Judgment**: <u>June 5, 2003</u>

<u>Thomas Quinn</u>
Defendant's Attorney

*(or Date of Last Amended Judgment)*
**Reason for Amendment:**

☐ Correcting Clear Error (Fed.R.Crim.P.35(a))
■ Reducing a Sentence Pursuant to Fed.R.Crim.P.35(b)
☐ Correction of Sentence for Clerical mistake (Fed.R.Crim.P.36)
☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))
Direct Motion to District Court Pursuant to
☐ 28 U.S.C.§2255,    ☐ 18 U.S.C.§3559(c)(7), or
☐ Modification of Restitution Order

**THE DEFENDANT:**

■ pleaded guilty to count <u>1</u> on <u>December 30, 2002</u>.
☐ pleaded nolo contendere to count(s) on which was accepted by the court.
☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21:846 | Please see indictment | 5/28/2002 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s).
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

<u>February 1, 2006</u>
Date of Imposition of Judgment

Signature of Judicial Officer

<u>Henry M. Herlong, Jr., United States District Judge</u>
Name and Title of Judicial Officer

February _____, 2006
Date

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 2 - Imprisonment

DEFENDANT: ROBIN McCLENTON
CASE NUMBER: 7:02cr244-8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of fifty (50) months.

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at a.m./p.m. on.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on

    ☐ as notified by the United States Marshal or

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: ROBIN McCLENTON
CASE NUMBER: 7:02cr244-8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.
1.  The defendant shall participate in a program of testing and treatment for substance abuse as directed by the United States Probation Officer until released from the program by the officer.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

■ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
    Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: ROBIN McCLENTON
CASE NUMBER: 7:02cr244-8

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the **"Clerk, U.S. District Court"** unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|

**SEE *VICTIMS LIST* OF VICTIMS. $**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ The interest requirement is waived for the ☐ fine and/or ☐ restitution.
    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    SCD (Rev. 2/01) Judgment in a Criminal Case
Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: ROBIN McCLENTON
CASE NUMBER: 7:02cr244-8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ■  Lump sum payment of $ 100.00 due immediately

   ☐ not later than , or

   ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B  ☐  Payments to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years),
      to commence  after the date of this judgment; or

D  ☐  Payments in (e.g., equal, weekly, monthly, quarterly)  installments of $ over a period of (e.g., months or years),
      to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of
imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal
monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility
Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States
attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture,
   filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court
costs.

CLOSED, HEARING, REDDOT

# U.S. District Court
## District of South Carolina (Spartanburg)
## CRIMINAL DOCKET FOR CASE #: 7:02-cr-00244-HMH-8
## Internal Use Only

Case title: USA v. Foster, et al                  Date Filed: 08/21/2002
                                                  Date Terminated: 06/02/2003

Assigned to: Judge Henry M Herlong,
Jr

**Defendant (8)**

**Robin McClenton**                 represented by  **Steve W Sumner**
*TERMINATED: 06/05/2003*                            Steven W Sumner Law Office
*also known as*                                     114 Manly St
Auntee                                              Greenville, SC 29601
                                                    864-235-3834
                                                    Fax: 864-233-8781
                                                    Email: stevesumner@bellsouth.net
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: CJA Appointment*

**Pending Counts**                               **Disposition**

                                                 84 months imprisonment (defendant to
                                                 self-surrender) followed by 5 years
21:846 conspiracy to distribute and              supervised release with conditions that
possess with intent to distribute 5              defendant shall not possess a firearm,
kilograms or more of cocaine, and 50             defendant shall participate in drug
grams or more of cocaine base,                   testing and treatment program; $100
commonly known as crack cocaine,                 special assessment du e immediately;
both Schedule II controlled substances           AMENDED JUDGMENT of 2/7/06
in violation of 21:841(a)(1) (May 28,            that defendant's total custody time is
2002); with forfeiture allegations.              reduced to 50 months. All other terms
(1)                                              and conditions of original judgment
                                                 remain the same.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                            **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

**Stripling and Stripling**
*TERMINATED: 11/12/2003*

represented by **Stripling and Stripling**
707 Crescent Avenue
Spartanburg, SC 29306
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Oliver Garrett**
*TERMINATED: 11/12/2003*

represented by **Oliver Garrett**
Surety for Dewayne Brewton
440 Case Creek Road
Spartanburg, SC 29302
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Sally Lee**
*TERMINATED: 11/12/2003*

represented by **Sally Lee**
Surety for Dewayne Brewton
39 Thurgood Marshall Road
Spartanburg, SC 29307
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**William N Rice**
*TERMINATED: 11/12/2003*

represented by **William N Rice**
Surety for Dewayne Brewton
526 Dodd Lane
Spartanburg, SC 29303
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Mary Wilburn**
*TERMINATED: 11/12/2003*

represented by    **Mary Wilburn**
Surety for Dewayne Brewton
PO Box 177
Mayo, SC 29368
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Sammy Brewton**
*TERMINATED: 11/12/2003*

represented by    **Sammy Brewton**
Surety for Dewayne Brewton
2091 Foster Street
Chesnee, SC 29323
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Sam Brewton**
*TERMINATED: 11/12/2003*

represented by    **Sam Brewton**
Surety for Dewayne Brewton
123 Hillside Drive
Spartanburg, SC 29303
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Gigis Bail Bonding**
*TERMINATED: 11/12/2003*

represented by    **Gigis Bail Bonding**
surety for Brent Styles
215A West Antrim Drive
Greenville, SC 29607
*TERMINATED: 11/12/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

---

**Interested Party**

**Belinda Logan Carpenter**

represented by    **Belinda Logan Carpenter**

|  | |
|---|---|
| *TERMINATED: 11/12/2003* | Surety for Brent Styles<br>1073 Main Street<br>Wellford, SC 29386<br>*TERMINATED: 11/12/2003*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Interested Party**

| | |
|---|---|
| **Will Foster, Jr**<br>*TERMINATED: 11/12/2003* | represented by **Will Foster, Jr**<br>surety for Brent Styles<br>408 Caulder Avenue<br>Spartanburg, SC 29306<br>*TERMINATED: 11/12/2003*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | |
|---|---|
| **USA** | represented by **E Jean Howard**<br>US Attorneys Office<br>PO Box 10067<br>Greenville, SC 29603<br>864-282-2100<br>Fax: 864-233-3158<br>Email: jeanne.howard@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2002 | | (Court only) Added Government Attorney E. Jean Howard Per: #1 indictment (kric) (Entered: 02/27/2002) |
| 04/01/2002 | | (Court only) **Reset last document number to 6 (kric) (Entered: 04/01/2002) |
| 04/11/2002 | | CASE assigned to Judge Henry M. Herlong Jr (cqui) (Entered: 04/11/2002) |
| 05/28/2002 | 24 | SEALED SUPERSEDING INDICTMENT as to Daniel Foster (1) count (s) 1s, Marvin James Means (2) count(s) 1s , Brent D Styles (3) count(s) 1, Dewayne E Brewton (4) count(s) 1, Michael L Anderson (5) count(s) 1, Trina Dantzler (6) count(s) 1, James A Suber (7) count(s) 1, Robin McClenton (8) count(s) 1, Myra L Potter (9) count(s) 1, Tonya N Rice (10) count(s) 1, Yekewshia Styles (11) count(s) 1, Jimmy R Henderson (12) count(s) 1, Willshawn Jones (13) count(s) 1 sjam (sjam) Modified on 05/29/2002 (Entered: 05/29/2002) |
| | | |

| 05/28/2002 | 25 | ORDER as to Daniel Foster, Marvin James Means, Brent D Styles, Dewayne E Brewton, Michael L Anderson, Trina Dantzler, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, Willshawn Jones sealing indictment pending further order of the court (Signed by Magistrate Judge William M. Catoe ) sjam svd (sealed) Modified on 05/29/2002 (Entered: 05/29/2002) |
|---|---|---|
| 05/28/2002 | | Defendant Brent D Styles, Dewayne E Brewton, Michael L Anderson, Trina Dantzler, James A Suber, Robin McClenton, Myra L Potter assigned to Judge Unassigned - CRI (sealed) Modified on 06/03/2002 (Entered: 06/03/2002) |
| 05/29/2002 | 31 | ORDER for Issuance of Indictment Warrant as to Robin McClenton and warrant issued. ( Signed by Magistrate Judge William M. Catoe ) svd sjam (sealed) (Entered: 05/29/2002) |
| 05/29/2002 | | Indictment WARRANT issued as to Robin McClenton . sjam svd (sealed) Modified on 05/29/2002 (Entered: 05/29/2002) |
| 05/29/2002 | | (Court only) **Reset last document number to 37 (sealed) (Entered: 05/30/2002) |
| 06/06/2002 | | ARREST of Robin McClenton in Northern District of California to be released on $400,000.00 secured bond to report 6/20/02 10:00 a.m. (sealed) (Entered: 06/11/2002) |
| 06/14/2002 | | ORAL ORDER as to Robin McClenton denying oral request for by San Francisco Public Defender for court appointed attorney be appointed prior to defendant's appearance in this court 6/20/02. Defendant was arrested in San Francisco and released on $400,000.00 secured bond ( Entered by Magistrate Judge Bruce H. Hendricks ) (sealed) (Entered: 06/14/2002) |
| 06/20/2002 | 66 | Arraignment as to Robin McClenton held before Magistrate Judge William M. Catoe Robin McClenton (8) count(s) 1 (Steve Sumner appointed Attorney ) ON BOND entered in Northern District of California. Defendant pleads NOT GUILTY Location Release Court reporter: Wiseman (sealed) (Entered: 06/21/2002) |
| 06/20/2002 | 67 | PLEA entered by Robin McClenton . Defendant enters plea of: NOT GUILTY. (sealed) (Entered: 06/21/2002) |
| 06/20/2002 | 69 | CJA 20 as to Robin McClenton : Appointment of Attorney Steve W. Sumner ( Signed by Magistrate Judge William M. Catoe ) svd (sealed) (Entered: 06/21/2002) |
| 06/26/2002 | 72 | Rule 40 Documents as to Robin McClenton received from Northern District of Californi (commitment to another district, order of non-custodial transportation, letter, financial affidavit, order setting conditions of release, bond) (kbos) (sealed) Modified on 06/27/2002 (Entered: 06/27/2002) |
| 06/26/2002 | 73 | Secured BOND entered by Robin McClenton in Amount $ 400,000.00 ) (kbos) (sealed) Modified on 06/27/2002 (Entered: 06/27/2002) |

| 06/27/2002 | | (Court only) **Added party Stripling & Striplin as surety on Jimmy Henderson bond (sealed) (Entered: 06/28/2002) |
|---|---|---|
| 06/27/2002 | | (Court only) **Add Red Dot Flag (sealed) (Entered: 06/28/2002) |
| 07/16/2002 | | (Court only) Deadline updated as to Michael L Anderson, Trina Steen Dantzler, Robin McClenton, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, set Jury trial for 9:30 9/4/02 for Michael L Anderson, for Trina Steen Dantzler, for Robin McClenton, for Tonya N Rice, for Yekewshia Styles, for Jimmy R Henderson before Judge Henry M. Herlong Jr (sealed) (Entered: 07/16/2002) |
| 08/06/2002 | 108 | Indictment WARRANT Returned Executed as to Robin McClenton on 6/20/02 (sealed) (Entered: 08/06/2002) |
| 08/08/2002 | | (Court only) **Added party Oliver Garrett, Sally Lee, William N Rice, Mary Wilburn, Sammy Brewton, Sam Brewton as sureties for Dewayne Brewton (sealed) (Entered: 08/09/2002) |
| 08/14/2002 | 123 | NOTICE of Hearing as to Daniel Foster, Marvin James Means, Dewayne E Brewton, Michael L Anderson, Trina Steen Dantzler, Robin McClenton, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, Willshawn Jones set pretrial conference for 10:00 8/22/02 for Daniel Foster, for Marvin James Means, for Dewayne E Brewton, for Michael L Anderson, for Trina Steen Dantzler, for Robin McClenton, for Tonya N Rice, for Yekewshia Styles, for Jimmy R Henderson, for Willshawn Jones before Magistrate Judge William M. Catoe served (sealed) (Entered: 08/14/2002) |
| 08/14/2002 | | (Court only) Document 123 mailed to out of custody defendants and counsel (not scanned, as sealed case) as to Daniel Foster, Marvin James Means, Dewayne E Brewton, Michael L Anderson, Trina Steen Dantzler, Robin McClenton, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, Willshawn Jones (sealed) (Entered: 08/14/2002) |
| 08/16/2002 | 127 | ORDER as to Robin McClenton to modify Bond to allow defendant to travel to California to care for brother and travel to Las Vegas to attend family reunion; defendant to furnish phone numbers and itinerary of trips to pretrial one week in advance conditio Bond set to for Robin McClenton. (Signed by Magistrate Judge William M. Catoe ) (kric) (sealed) (Entered: 08/16/2002) |
| 08/21/2002 | 130 | ORDER as to Daniel Foster, Marvin James Means, Brent D Styles, Dewayne E Brewton, Michael L Anderson, Trina Steen Dantzler, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, Willshawn Jones unsealing indictment (Signed by Magistrate Judge William M. Catoe ) svd (sealed) (Entered: 08/21/2002) |
| 08/21/2002 | 130 | ORDER UNSEALING INDICTMENT as to Daniel Foster, Marvin James Means, Brent D Styles, Dewayne E Brewton, Michael L Anderson, Trina Steen Dantzler, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, |

| | | Willshawn Jones (sealed) Modified on 08/21/2002 (Entered: 08/21/2002) |
|---|---|---|
| 08/21/2002 | | (Court only) **Remove sealed flag - case no longer sealed as to any party. (sealed) (Entered: 08/21/2002) |
| 08/21/2002 | | (Court only) **Added party Belinda Logan Carpenter, Will Foster Jr., Gigis Bail Bonding as sureties for Brent Styles bond (kric) (Entered: 08/23/2002) |
| 08/22/2002 | 133 | PRETRIAL CONFERENCE as to Dewayne E Brewton, Robin McClenton, Tonya N Rice held before Magistrate Judge William M. Catoe Defendants present with counsel. Continuance requested without objection. Court Reporter: Kirkley. (kric) (Entered: 08/22/2002) |
| 08/29/2002 | | (Court only) **Fax document as to Curtis Carlyle Steele, Richard Walter Vieth, Janis Richardson Hall [152-1] notice (sfet) (Entered: 08/29/2002) |
| 09/03/2002 | 155 | ORDER as to Dewayne E Brewton, Robin McClenton, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson Continuing due to need for additional time , reset Jury trial for 9:30 11/5/02 before Judge Henry M. Herlong Jr (Signed by Judge Henry Herlong Jr ) served (sfet) (Entered: 09/05/2002) |
| 09/26/2002 | | HEARING CANCELLED - pretrial conference (kric) (Entered: 09/26/2002) |
| 09/26/2002 | | (Court only) ** Removed HRG flag. (kric) (Entered: 09/26/2002) |
| 10/03/2002 | | HEARING CANCELLED - Potter change of plea 10/3/02 (sfet) (Entered: 10/03/2002) |
| 10/16/2002 | 169 | NOTICE of Hearing as to Dewayne E Brewton, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson set pretrial conference for 10:00 10/25/02 for Dewayne E Brewton, for James A Suber, for Robin McClenton, for Myra L Potter, for Tonya N Rice, for Yekewshia Styles, for Jimmy R Henderson before Magistrate Judge William M. Catoe served (sfet) (Entered: 10/16/2002) |
| 10/16/2002 | | (Court only) **Fax document as to Sam Brewton, Sammy Brewton, Mary Wilburn, William N Rice, Sally Lee, Oliver Garrett, James F Brehm, Thomas A M Boggs, Bruce Wyche Bannister, Thomas Oliver Mobley, Steve W. Sumner, Michael A McKinnon, Thomas Gordon Nessler Jras to Dewayne E Brewton, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson [169-1] notice hearing set pretrial conference for 10:00 10/25/02 for Dewayne E Brewton, for James A Suber, for Robin McClenton, for Myra L Potter, for Tonya N Rice, for Yekewshia Styles, for Jimmy R Henderson before Magistrate Judge William M. Catoe (sfet) (Entered: 10/16/2002) |
| 10/25/2002 | | HEARING CANCELLED - pretrial conference Suber; defendant is still on medical exam (sfet) (Entered: 10/25/2002) |
| 10/25/2002 | 172 | PRETRIAL CONFERENCE as to Robin McClenton held before |

| | | |
|---|---|---|
| | | Magistrate Judge William M. Catoe; defendant not present due to illness; this case will be a plea to be set in late November reset Jury trial for 12/2/02 for Robin McClenton before Judge Henry M. Herlong Jr Court Reporter: Geri Kirkley. (sfet) (Entered: 10/25/2002) |
| 10/25/2002 | 173 | Plea Agreement as to Robin McClenton (sfet) (Entered: 10/25/2002) |
| 10/31/2002 | | (Court only) **Fax document as to Bruce Wyche Bannister, Thomas Oliver Mobley, Thomas Gordon Nessler Jr [184-1] notice (sfet) (Entered: 10/31/2002) |
| 11/07/2002 | | (Court only) **Fax document as to William Douglas Richardson Jr. [185-1] notice hearing set Sentencing for 2:00 12/9/02 for Daniel Foster before Judge Henry M. Herlong Jr (sfet) (Entered: 11/07/2002) |
| 11/13/2002 | 186 | NOTICE of Hearing as to James A Suber, Robin McClenton, Yekewshia Styles, Jimmy R Henderson reset pretrial conference for 10:00 11/21/02 for James A Suber, for Robin McClenton, for Yekewshia Styles, for Jimmy R Henderson before Magistrate Judge William M. Catoe served (sfet) (Entered: 11/13/2002) |
| 11/13/2002 | | (Court only) **Fax document as to Thomas A M Boggs, James F Brehm, Steve W. Sumner, Robin McClenton, Yekewshia Styles, Jimmy R Henderson, Michael A McKinnon [186-1] notice hearing reset pretrial conference for 10:00 11/21/02 for James A Suber, for Robin McClenton, for Yekewshia Styles, for Jimmy R Henderson before Magistrate Judge William M. Catoe (sfet) (Entered: 11/13/2002) |
| 11/13/2002 | | (Court only) **Terminated deadline(s) as to Robin McClenton : pretrial conference; this defendant has filed a plea agreement and need only appear for plea (sfet) (Entered: 11/13/2002) |
| 11/13/2002 | | (Court only) Deadline updated as to Robin McClenton, set Change of Plea Hearing for 9:30 11/26/02 for Robin McClenton before Judge Henry M. Herlong Jr Notice served, document 186 (sfet) (Entered: 11/13/2002) |
| 11/21/2002 | | (Court only) **Fax document as to James F Brehm, Thomas A M Boggs, E. Jean Howard [190-1] relief Continuing due to request of parties (sfet) (Entered: 11/21/2002) |
| 11/21/2002 | | HEARING CANCELLED - pretrial conference 11/21/02 (sfet) (Entered: 11/21/2002) |
| 11/21/2002 | | HEARING CANCELLED - pretrial 11/21/02 Styles and Henderson; continuance order signed (sfet) (Entered: 11/21/2002) |
| 11/21/2002 | | (Court only) **Terminated deadline(s) as to Robin McClenton : jury trial 12/2/02; this defendant to be a plea (sfet) (Entered: 11/21/2002) |
| 12/02/2002 | | (Court only) **Address labels only (sjam) (Entered: 12/02/2002) |
| 12/11/2002 | 194 | NOTICE of Hearing as to Robin McClenton set Change of Plea Hearing for 9:30 12/30/03 for Robin McClenton before Judge Henry M. Herlong Jr served (sfet) (Entered: 12/11/2002) |
| | | |

| | | |
|---|---|---|
| 12/11/2002 | | (Court only) **Fax document as to Steve W. Sumner as to Robin McClenton [194-1] notice hearing set Change of Plea Hearing for 9:30 12/30/03 for Robin McClenton before Judge Henry M. Herlong Jr (sfet) (Entered: 12/11/2002) |
| 12/30/2002 | | Change of Plea Hearing as to Robin McClenton held before Judge Henry M. Herlong Jr Court Reporter: Stephanie Wiseman (sfet) (Entered: 12/30/2002) |
| 12/30/2002 | 200 | PLEA proffered by Robin McClenton as to count 1 of the indictment. Court accepts plea, GUILTY PLEA ENTERED as to Robin McClenton (8) count 1 Defendant remains on bond. (before Judge Henry M. Herlong Jr ) Court Reporter: Stephanie Wiseman (sfet) (Entered: 12/30/2002) |
| 12/30/2002 | 201 | PLEA entered by Robin McClenton . Defendant enters plea of: guilty to count 1. (sfet) (Entered: 12/30/2002) |
| 01/03/2003 | 204 | NOTICE of Judge Herlong's standing order for criminal cases as to Robin McClenton (sfet) (Entered: 01/03/2003) |
| 01/03/2003 | | (Court only) **Fax document as to Steve W. Sumner as to Robin McClenton [204-1] notice (sfet) (Entered: 01/03/2003) |
| 01/17/2003 | | Defendant Robin McClenton assigned to Judge Henry M. Herlong Jr (cqui) (Entered: 01/17/2003) |
| 01/23/2003 | | HEARING CANCELLED - pretrial conference (kric) Modified on 01/24/2003 (Entered: 01/24/2003) |
| 01/23/2003 | | (Court only) ** Removed HRG flag. (kric) Modified on 01/24/2003 (Entered: 01/24/2003) |
| 02/20/2003 | | HEARING CANCELLED - pretrial conference for Suber, defendant on medical exam. (kric) (Entered: 02/20/2003) |
| 02/20/2003 | | (Court only) ** Removed HRG flag. (kric) (Entered: 02/20/2003) |
| 02/25/2003 | | (Court only) ** Added HRG flag; Y. Styles change of plea (sfet) (Entered: 02/25/2003) |
| 04/11/2003 | 234 | NOTICE of Hearing as to Robin McClenton set Sentencing for 10:00 5/27/03 for Robin McClenton before Judge Henry M. Herlong Jr served (sfet) (Entered: 04/11/2003) |
| 04/11/2003 | | (Court only) **Fax document as to Steve W. Sumner as to Robin McClenton [234-1] notice hearing set Sentencing for 10:00 5/27/03 for Robin McClenton before Judge Henry M. Herlong Jr (sfet) (Entered: 04/11/2003) |
| 06/02/2003 | | (Court only) **Terminated deadline as to Jimmy R Henderson: jury trial Henderson (sfet) (Entered: 06/02/2003) |
| 06/02/2003 | | (Court only) **Fax document as to James F Brehm [242-1] notice (sfet) (Entered: 06/02/2003) |

| 06/02/2003 | 243 | MOTION by USA as to Robin McClenton for downward departure (sfet) (Entered: 06/02/2003) |
| 06/02/2003 | | ORAL ORDER as to Robin McClenton granting [243-1] motion for downward departure as to Robin McClenton (8) ( Entered by Judge Henry M. Herlong Jr ) (sfet) (Entered: 06/02/2003) |
| 06/02/2003 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Robin McClenton (sfet) (Entered: 06/02/2003) |
| 06/02/2003 | 244 | SENTENCING held before Judge Henry M. Herlong Jr Robin McClenton (8) count(s) 1 Witness(es) no, Objections to Pre-Sentence Report: no, Court Reporter: Stephanie Wiseman (sfet) (Entered: 06/02/2003) |
| 06/05/2003 | 245 | JUDGMENT Robin McClenton (8) count 1 84 months imprisonment (defendant to self-surrender) followed by 5 years supervised release with conditions that defendant shall not possess a firearm, defendant shall participate in drug testing and treatment program; $100 special assessment due immediately ( Signed by Judge Henry M. Herlong Jr ) served (sfet) (Entered: 06/06/2003) |
| 06/06/2003 | | (Court only) J&C distributed this date under new distribution list as to Robin McClenton (sfet) (Entered: 06/06/2003) |
| 07/03/2003 | 256 | TRANSCRIPT OF GUILTY PLEA as to Robin McClenton for dates of December 30, 2003, before Judge Henry M. Herlong Jr held in Greenville, SC Court Reporter: Stephanie Wiseman (awil) (Entered: 07/07/2003) |
| 07/11/2003 | | (Court only) RETURN OF SEALED PRESENTENCE REPORT TO US PROBATION as to Robin McClenton (sfet) (Entered: 07/11/2003) |
| 07/25/2003 | 258 | ORDER as to Robin McClenton that her reporting date be extended 60 days from 7/29/03 (Signed by Judge Henry M. Herlong Jr ) served (sfet) (Entered: 07/25/2003) |
| 07/25/2003 | | (Court only) Order #258 faxed to USM and USPO this date as to Robin McClenton (sfet) (Entered: 07/25/2003) |
| 08/21/2003 | | CJA PAYMENT to Steve W. Sumner for defendant Robin McClenton VOUCHER # 030814000208 (sfet) (Entered: 08/22/2003) |
| 10/21/2003 | | CASE NO LONGER REFERRED TO Magistrate Judge Bruce H. Hendricks Case removed from docket of Magistrate Judge Bruce H. Hendricks (sfet) (Entered: 10/21/2003) |
| 10/28/2003 | | (Court only) ** Added HRG flag for Suber sentencing (sfet) (Entered: 10/28/2003) |
| 11/12/2003 | | Case closed as to Daniel Foster, Marvin James Means, Brent D Styles, Dewayne E Brewton, Michael L Anderson, Trina Steen Dantzler, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, Willshawn Jones (all defendants), (awil) |

| | | |
|---|---|---|
| | | (Entered: 11/12/2003) |
| 11/13/2003 | | (Court only) Certificate of Completeness not done; this case is on appeal and some of the record has already been sent to 4CCA (sfet) (Entered: 11/13/2003) |
| 12/02/2003 | | (Court only) CJA voucher 031113000038 sent to Judge for 4th circuit approval. (gant) (Entered: 12/02/2003) |
| 05/14/2004 | | (Court only) **Remove appeal flag - no further appeals pending (jsmi) (Entered: 05/14/2004) |
| 07/07/2004 | 288 | ORDER as to Daniel Foster, Marvin James Means, Brent D Styles, Dewayne E Brewton, Michael L Anderson, Trina Steen Dantzler, James A Suber, Robin McClenton, Myra L Potter, Tonya N Rice, Yekewshia Styles, Jimmy R Henderson, Willshawn Jones dismissing forfeiture allegations in the indictment (Signed by Judge Henry M. Herlong Jr ) served (sfet) (Entered: 07/07/2004) |
| 12/02/2005 | 295 | MOTION to Reduce Sentence by USA as to Robin McClenton. Proposed Order sent to Judge Chambers email address? no. (Howard, E) (Entered: 12/02/2005) |
| 12/06/2005 | | (Court only) ***Staff Notes placed ASR letters from AUSA in Marshal box for 1/4/2006 11:00 am as to Brent D Styles, Dewayne E Brewton, Trina Steen Dantzler, Robin McClenton: (sjam, ) (Entered: 12/06/2005) |
| 01/09/2006 | 298 | NOTICE OF HEARING ON MOTION in case as to Brent D Styles, Dewayne E Brewton, Trina Steen Dantzler, Robin McClenton 295 MOTION to Reduce Sentence, 294 MOTION to Reduce Sentence, 293 MOTION to Reduce Sentence, 292 MOTION to Reduce Sentence: MOTION HEARING set for 1/18/2006 09:30 AM in Greenville #3, Clement F. Haynsworth Fed Bldg, 300 E. Washington, St, Greenville before Honorable Henry M Herlong Jr. (sfla) (Entered: 01/09/2006) |
| 01/18/2006 | 304 | NOTICE OF HEARING ON MOTION in case as to Dewayne E Brewton, Trina Steen Dantzler, Robin McClenton : 295 MOTION to Reduce Sentence, 294 MOTION to Reduce Sentence, 293 MOTION to Reduce Sentence: MOTION HEARING SET for 2/1/2006 01:30 PM in Greenville #3, Clement F. Haynsworth Fed Bldg, 300 E. Washington, St, Greenville before Honorable Henry M Herlong Jr. (sfla) (Entered: 01/18/2006) |
| 02/01/2006 | 308 | Minute Entry for proceedings held before Judge Henry M Herlong Jr: Motion Hearing as to Robin McClenton held on 2/1/2006 re 295 MOTION to Reduce Sentence filed by USA,, 243 Motion to Depart from Guidelines Court Reporter Karen Martin. (sfla) (Entered: 02/01/2006) |
| 02/01/2006 | | (Court only) ***Motions terminated as to Dewayne E Brewton, Trina Steen Dantzler, Robin McClenton: 295 MOTION to Reduce Sentence filed by USA, 293 MOTION to Reduce Sentence filed by USA, 294 MOTION to Reduce Sentence filed by USA. (sfla) (Entered: 02/01/2006) |
| 02/07/2006 | 311 | AMENDED JUDGMENT as to Robin McClenton (8), Count(s) 1, that |

| | | |
|---|---|---|
| | | defendant's total custody time is reduced to 50 months. All other terms and conditions of original judgment remain the same. Signed by Judge Henry M Herlong Jr on 2/7/06.(sfla) (Entered: 02/07/2006) |
| 02/08/2006 | 🌑 | PRESENTENCE REPORT returned to US Probation Office as to Dewayne E Brewton, Trina Steen Dantzler, Robin McClenton. (sfla) (Entered: 02/08/2006) |
| 02/07/2008 | 🌑318 | (Court only) ***Clerk Staff Notes as to Robin McClenton: Transfer of Jurisdiction forms (2 originals) signed by Judge Herlong returned to USPO to forward to NDCA for signature of Judge there. (sfla) (Entered: 02/07/2008) |
| 03/31/2008 | 🌑319 | Probation Jurisdiction Transferred to NDCA as to Robin McClenton; Transmitted copy of Transfer of Jurisdiction form, with information how to obtain certified copies of indictment, judgment and docket sheet. (sfla) (Entered: 03/31/2008) |